Ryan J. Vlasak (SBN 241581)
BRACAMONTES & VLASAK, P.C.
220 Montgomery Street, Suite 870
San Francisco, CA 94104
Phone: (415) 835-6777
Fax:     (415) 835-6780


Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| RICHARD MARKEL,<br><br>       Plaintiff,<br><br>       vs.<br><br>WEWORK COMPANIES, INC., a Delaware<br>corporation, and<br>DOES 1 to 20, inclusive,<br><br>       Defendants. | **CASE NO.:** 3:19-CV-04061-JD<br><br>**DECLARATION OF RYAN J. VLASAK IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>DATE: SEPTEMBER 19, 2019<br>TIME:  10:00 A.M.<br>COURTROOM.: 11<br><br>JUDGE JAMES DONATO<br><br>COMPLAINT FILED: JUNE 10, 2019<br>TRIAL DATE:  NOT ASSIGNED |

I, Ryan Vlasak, hereby declare:

1.  I am the declarant and make all of the statements herein of my personal knowledge, except as to those matters stated on information and belief, and as to those matters, believe them to be true, and if called as a witness, could and would testify competently thereto.

2.  I am the attorney of record for Plaintiff in the above-entitled case.

3.  Attached hereto as **Exhibit A** is a true and correct copy of the proposed, red-lined First Amended Complaint in this matter.

- 1 -

*Markel v. WeWork, et al. – Declaration of Ryan J. Vlasak in Support of Plaintiff's Motion for Leave to File First Amended Complaint*

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

1   //

2      I declare under penalty of perjury under the laws of the State of California that the foregoing is true

3   and correct.  Signed this date at San Francisco, California.

4

5   Dated:   August 13, 2019

6                                                      By:   _____

7                                                             Ryan J. Vlasak, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Markel v. WeWork, et al. – Declaration of Ryan J. Vlasak in Support of Plaintiff's Motion for Leave to File First Amended Complaint*

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

# EXHIBIT A



Ryan J. Vlasak (SBN 241581)
BRACAMONTES & VLASAK, P.C.
220 Montgomery Street, Suite 870
San Francisco, CA 94104
Phone: (415) 835-6777
Fax:    (415) 835-6780

Attorneys for Plaintiff Richard Markel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

~~SUPERIOR COURT OF THE STATE OF CALIFORNIA~~

~~IN AND FOR THE COUNTY OF SAN FRANCISCO~~

~~UNLIMITED JURISDICTION~~

RICHARD MARKEL,

    Plaintiff,

vs.

WEWORK COMPANIES, INC., a Delaware

corporation, LINCOLN WOOD, an individual, and

DOES 21 to 20, inclusive,

    Defendants.

CASE NO.: 3:19-CV-04061-JD

[PROPOSED] FIRST AMENDED
COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

    Plaintiff Richard Markel ("Plaintiff") sues WeWork Companies Inc. ("WeWork"), Lincoln Wood, an individual, and DOES 21 to 20, inclusive, (collectively, "Defendants"), and each of them, demands a trial by jury of all issues, and for causes of action alleges:

- 1 -

*Markel v. WeWork, et al. – First Amended Complaint for Damages*

1

2    ## GENERAL ALLEGATIONS

3    1.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the
fictitious names DOE ONE through DOE TWENTY, inclusive.  Plaintiff will amend this complaint
to allege their true names and capacities when ascertained.  Plaintiff is informed and believes that
each of the DOE defendants is responsible in some manner for the occurrences and injuries alleged
in this complaint.

7    ## THE PARTIES

8    2.  Plaintiff is 62 years old, and at all times mentioned herein was a resident of the State of California.

9    3.  Defendant WeWork is a Delaware corporation doing business in the City and County of San
Francisco, California.

11   3.4.Defendant Lincoln Wood is an individual and at all times mentioned herein was and is a resident of
the State of California.

13   4.5.At all times mentioned in the causes of action to which this paragraph is incorporated by reference,
each and every Defendant was the agent or employee of each and every other Defendant.  In doing
the things alleged in the causes of action into which this paragraph is incorporated by reference,
each and every Defendant was acting within the course and scope of this agency or employment
and was acting with the consent, permission, and authorization of each of the remaining
Defendants.  All actions of each of the Defendants alleged in the causes of action into which this
paragraph is incorporated by reference were ratified and approved by the officers or managing
agents of every other Defendant.

21   ## JURISDICTION AND VENUE

22   5.6.This Court has subject matter jurisdiction over this action pursuant to California Code of Civil
Procedure § 410.10.  Mr. Markel seeks damages in excess of the jurisdictional minimum of this
Court.

25   6.7.This Court has personal jurisdiction over the parties because Mr. Markel was a resident of the State
of California while employed at WeWork and WeWork and each Defendant systematically and
continually does business in the State of California.

28   7.8.Venue is proper in this Court pursuant to California Code of Civil Procedure § 395 because

- 2 -
*Markel v. WeWork, et al. – First Amended Complaint for Damages*

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

1   Defendant WeWork maintains a place of business in San Francisco, California, where Mr. Markel

2   was employed by Defendants.

3   <u>FACTUAL ALLEGATIONS</u>

4   8.9.Mr. Markel is 62 years old.

5   9.10.   Prior to his employment with WeWork, Mr. Markel was VP of Design and Construction at UA

6   Builders Group in Long Island City, NY.  This senior leadership role included:

7
   • Development of capabilities of construction teams and acting as hiring manager;
8  • Construction management of large, and sometimes remote (Washington DC and Boston)
     construction projects for WeWork;
9  • Development of multi-function task force teams to more effectively integrate various
10    technologies into the design-build construction process.

11

12   10.11.  Mr. Markel holds a master's degree in Architecture.  He is both a licensed architect and licensed

13   general contractor in multiple states.  In this role at UA Builders Group, Mr. Markel reported

14   directly to Albert Gjonbalaj, a firm owner.

15   11.12.  In January of 2018, WeWork negotiated to acquire a portion of UA Builders in order to

16   establish a construction group within WeWork.  As a result, UA Builders formed OTEK Builders

17   and transferred employees, who were mostly responsible for building the WeWork Projects.

18   WeWork's purchase of OTEK was finalized in early March 2018 and Mr. Markel was transferred

19   into OTEK.

20   12.13.  Albert Gjonbalaj assumed the role of CEO of WeWork Construction and requested that Mr.

21   Markel relocate to San Francisco as Vice President of Construction, US West to start the West

22   Coast Construction Group.  Mr. Markel's salary was $300,000.00 annually with full WeWork

23   benefit plans and programs.  In addition, Mr. Markel received a stock option award to purchase

24   1,309 shares of Class A common stock vesting over five years with 20% vesting on the first

25   anniversary of his start date, and in equal monthly installments after the one-year anniversary.  At

26   no time was Mr. Markel told that the position would be short-term or was an "operational role"

27   only.  On the contrary, Mr. Gjonbalaj stated to Markel that this would be a long-term position with

28   the expectation that Mr. Markel would stay at WeWork for years building its west coast capacity.

- 3 -
<u>Markel v. WeWork, et al.</u> – <u>First Amended</u> Complaint for Damages

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

13.14. The charge of the position was an ambitious one that intrigued Mr. Markel: to build the west coast organization taking cues and following leadership practices and policy from New York City. As part of Mr. Markel's new role as VP of Construction, WeWork's internal lead construction counsel in New York City, Marisa Rosen, requested that Mr. Markel be registered as WeWork's designated contractor and responsible individual for all WeWork Construction in the states of Massachusetts, Texas, and Colorado. The offer was presented as a long-term, executive management role in the company, justifying the personal investment and hardship of moving across the country with his family. Mr. Markel and his wife accordingly, and in reliance on the offer and inducement, moved from New York City to San Francisco and commenced employment with WeWork on April 30, 2018.

14.15. Mr. Markel's role at WeWork was to build capability, hire staff, assist in defining the vision, strategy, and core values and goals for the West Coast Construction Group. The overarching strategy was to team build as quickly as possible in order to take on WeWork's internal pipeline of construction projects throughout US West (including everything west of Mississippi). By September 2018, Mr. Markel had grown the West Coast Construction Team to approximately 55 people in San Francisco and 20 people in Los Angeles. He had also taken on the first pilot WeWork construction project starting in mid-July at 333 West San Carlos in San Jose, CA. By all accounts, Mr. Markel was satisfactorily performing his job duties and remained busy and enthusiastic about implementing and managing current and future initiatives.

15.16. Yet, sometime in late September 2018, WeWork hired Lincoln Wood and gave him the same job title as Mr. Markel's: VP of Construction US West in San Francisco. Mr. Wood is approximately 20 years younger than Mr. Markel. No one at WeWork provided any explanation to Mr. Markel why someone had been hired with his same job title. Results of Mr. Markel's performance reviews remained very positive with no negative feedback. During this time, Mr. Markel's role did not change: He had in excess of 50 people as direct reports and continued to juggle and manage multiple initiatives.

16.17. By the end of January 2019, WeWork's internal organization system ("workday") showed Mr. Markel as reporting to Lincoln Wood. There were no organizational meetings, memos or other

- 4 -
*Markel v. WeWork, et al.* – *First Amended* Complaint for Damages

Bracamontes & Viasak
A Professional Law Corporation
www.bvlawsf.com

1    communication in advance of this unilateral change.  Prior to this, Mr. Markel had no reason to

2    believe Mr. Wood was or would be his supervisor.  WeWork never informed Mr. Markel that his

3    job title or description had changed in any way.

4    ~~17.~~18.  By the end of first week in February 2019, Mr. Wood had vacated Mr. Markel's calendar of all

5    weekly and ongoing strategy meetings and all his responsibilities were being distributed to other

6    team members, essentially leaving Mr. Markel with no role or responsibility in the organization.

7    Mr. Markel's requests to resume participation in executive meetings were ignored.

8    ~~18.~~19.  Believing that he was being discriminated against due to his age, Mr. Markel requested a

9    meeting with Human Resources Manager, Katie Dufford, and in mid-February 2019 informed her

10   that he believed he was being pushed out of the company because of his age.

11   ~~19.~~20.  By late February 2019, WeWork had not responded to Mr. Markel's HR complaint, nor had it

12   informed Mr. Markel that any investigation was pending, so Mr. Markel again expressed his

13   concern to Ms. Dufford that he was being discriminated against by Lincoln Wood and the company

14   on account of his age.  In early March 2019, Mr. Markel again met with Ms. Dufford to discuss his

15   concerns about age discrimination.  Ms. Dufford did not offer Mr. Markel any feedback or advice,

16   nor did anything change with how he was being treated.  Mr. Markel was never informed that any

17   investigation would ensue or commence.

18   ~~20.~~21.  WeWork terminated Mr. Markel on April 10, 2019 in a meeting with Lincoln Wood and Katie

19   Dufford, just weeks before his stock options would vest.  In the meeting, Ms. Dufford made it clear

20   that Mr. Markel was not being terminated for cause or poor performance, but that "his role" was

21   being eliminated.  Mr. Markel was provided no further explanation and was asked to leave the

22   company immediately.

23   ~~21.~~22.  Prior to filing the instant action, Mr. Markel timely filed a valid complaint with the appropriate

24   governmental agency, thereby exhausting his administrative remedies.  Specifically, Mr. Markel

25   has filed a complaint with the California Department of Fair Employment and Housing and

26   obtained a Right-to-Sue Notice.

27   ~~22.~~23.  Mr. Markel is informed and believes and thereon alleges that Defendants' conduct as described

28   above, was done with oppression, fraud, and malice as defined in Civil Code § 3294 and Mr.

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

1  Markel should recover, in addition to actual damages, damages to make an example of and to

2  punish Defendants.

**FIRST CAUSE OF ACTION**

**AGE DISCRIMINATION and RETALIATION IN VIOLATION OF FEHA - DIRECT**

**(AGAINST ALL DEFENDANTS)**

6  23.24.  Mr. Markel re-alleges and incorporates by reference all of the allegations set forth in the

7  preceding paragraphs as though set forth herein.

8  24.25.  At all times mentioned herein, Defendants regularly employed five or more persons, subjecting

9  them to the provisions in California Government Code §§ 12900, *et seq.*

10  25.26.  At all times relevant hereto, Mr. Markel was an employee of Defendant WeWork. California

11  Government Code § 12940(a) prohibits discrimination against members of a protected class,

12  including prohibiting an employer from making adverse employment decisions based on that

13  person's age.

14  26.27.  Mr. Markel as an employee of Defendants, was a member of a protected class because he was

15  over the age of 40, as set forth in California Government Code § 12926.

16  27.28.  Mr. Markel's age was a substantial factor in Defendants' termination of Plaintiff's employment,

17  and therefore constitutes unlawful discrimination in employment on account of age in violation of

18  California Government Code § 12940(a).

19  28.29.  Section 12940(h) of the FEHA further prohibits an employer from retaliating against an

20  employee because the employee opposed or complained about practices the FEHA prohibits.

21  Defendant WeWork violated California Government Code § 12940(h) in retaliating against and

22  terminating Mr. Markel because he complained of age discrimination to WeWork Human

23  Resources.

24  29.30.  As a direct and proximate cause of Defendants' acts and/or omissions, Mr. Markel has sustained

25  losses in earnings, prospective earnings, employee benefits, stock options, moving expenses, and

26  loss of employment opportunities for advancement and promotion.

27  30.31.  As a direct and proximate result of Defendants' acts and/or omissions, Mr. Markel has suffered

28  general and special damages in an amount to be proven at trial.

- 6 -

*Markel v. WeWork, et al.* – *First Amended* Complaint for Damages

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

1   ~~31.~~32.  Mr. Markel has incurred and will continue to incur attorney's fees as a result of prosecuting this

2       cause of action.

3                               **SECOND CAUSE OF ACTION**

4       **AGE DISCRIMINATION IN VIOLATION OF FEHA – DISPARATE IMPACT**

5                               **(AGAINST ALL DEFENDANTS)**

6   ~~32.~~33.  Mr. Markel re-alleges and incorporates by reference all of the allegations set forth in the

7       preceding paragraphs as though set forth herein.

8   ~~33.~~34.  At all times mentioned herein, Defendant(s) regularly employed five or more persons,

9       subjecting it to the provisions in California Government Code § 12900, *et seq.*

10  ~~34.~~35.  The California Fair Employment and Housing Act ("FEHA") prohibits employers from

11      discriminating against persons in "compensation or in terms, conditions, or privileges of

12      employment" on account of age." Cal. Gov. Code § 12940(a).

13  ~~35.~~36.  Mr. Markel, an individual over the age of 40, is protected by the provisions found in the FEHA

14      and concerning age discrimination. Cal. Gov. Code § 12926(b).

15  ~~36.~~37.  In addition to being directly discriminated against, as previously alleged, Defendant WeWork's

16      policies, including but not limited to, limiting career advancement opportunities for older

17      employees, refusing to promote or retain older employees, and discouraging older employees from

18      attending meetings and receiving new work assignments, constituted discrimination against Mr.

19      Markel. Defendant WeWork consistently treated older employees differently than their younger

20      colleagues and counterparts.

21  ~~37.~~38.  As a direct and proximate result of Defendants' policies and wrongful acts and omissions as

22      alleged herein, Mr. Markel has suffered actual damages in an amount according to proof.

23  ~~38.~~39.  Mr. Markel has incurred and will continue to incur attorney's fees as a result of prosecuting this

24      cause of action.

25                              **THIRD CAUSE OF ACTION**

26      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

27                              **(AGAINST ALL DEFENDANTS)**

28  ~~39.~~40.  Mr. Markel re-alleges and incorporates by reference all of the allegations set forth in the

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

- 7 -
*Markel v. WeWork, et al. – First Amended Complaint for Damages*

1   preceding paragraphs as though set forth herein.

2   40.41.  Mr. Markel was terminated in violation of fundamental public policy, including the policy to

3   prohibit discrimination and retaliation against persons on account of their age. Defendants

4   wrongfully terminated Mr. Markel on account of his age.

5   41. As a direct and proximate cause of the acts and/or omissions of Defendants, Mr. Markel suffered

6   general and special damages in an amount to be proven at trial.

7   #

8   #

9   **FOURTH CAUSE OF ACTION**

10   **UNFAIR BUSINESS PRACTICES**

11   **(AGAINST ALL DEFENDANTS)**

12   42. Plaintiff Markel re-alleges and incorporates by reference all of the allegations set forth in the

13   preceding paragraphs as though set forth herein.

14   43. By reason of Defendants' failure to comply with various provisions of the California Government

15   Code, including, but not limited to, sections 12940(a) and 12940(h), and California Labor code §

16   970, Defendants' conduct constituted an unfair business practice under Business and Professions

17   Code § 17200, *et seq.*

18   44. At all relevant times mentioned herein, Defendants were conducting business under the laws of the

19   State of California.  In conducting said businesses, Defendants were obligated to comply with the

20   laws of the State of California.

21   45. As a direct and proximate result of Defendants' conduct, Plaintiff has been generally and specially

22   damaged in an amount according to proof.

23   **FIFTH CAUSE OF ACTION**

24   **PROMISSORY FRAUD**

25   **(AGAINST ALL DEFENDANTS)**

26   46. Plaintiff Markel re-alleges and incorporates by reference all of the allegations set forth in the

27   preceding paragraphs as though set forth herein.

28   47. As alleged herein, at the time of the job offer, Defendants promised Mr. Markel that his position

- 8 -

*Markel v. WeWork, et al. — First Amended Complaint for Damages*

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

Formatted: Outline numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Tab after:  0.25" + Indent at:  0.25"

1  would be a long-term position within the company justifying the career move and relocation across

2  the country.  Defendants made such promises to Plaintiff without the intent to perform, and hence

3  fraudulently induced Mr. Markel into accepting the position.

4  48. Mr. Markel acted in reasonable and justifiable reliance on the representations Defendants made

5  concerning the nature, scope and duration of the position, and only then elected to sever ties with

6  his New York employment, give up his New York City Apartment, and uproot his family.

7  49. As a result, Mr. Markel has incurred general and special damages to be proven up at trial.

8

9  <u>SIXTH CAUSE OF ACTION</u>

10  <u>VIOLATION OF CALIFORNIA LABOR CODE 970</u>

11  <u>(AGAINST ALL DEFENDANTS)</u>

12  50. Plaintiff Markel re-alleges and incorporates by reference all of the allegations set forth in the

13  preceding paragraphs as though set forth herein.

14  51. Pursuant to California Labor Code § 970 no person shall influence, persuade, or engage any person

15  to change from any place outside to any place within the State through means of knowingly false

16  representations concerning the kind, character, or existence of such work.

17  52. Anyone who violates California Labor Code § 970 is liable for double damages.

18  53. By all its acts and omissions, as alleged herein, Defendants have violated California Labor Code §

19  970.

20  54. As a result, Mr. Markel has incurred general and special damages to be proven up at trial.

21  <u>SEVENTH CAUSE OF ACTION</u>

22  <u>HARASSMENT IN VIOLATION OF THE FEHA</u>

23  <u>(AGAINST DEFENDANT LINCOLN WOOD AND DOES 2-10)</u>

24  55. Plaintiff Markel re-alleges and incorporates by reference all of the allegations set forth in the

25  preceding paragraphs as though set forth herein.

26  56. Plaintiff's age was a substantial motivating factor in Defendant Wood's disparate treatment, adverse

27  employment actions, and harassment committed against Plaintiff as alleged herein.

28  57. Defendants' conduct, as described herein, constitutes unlawful harassment in employment on

Formatted: Right:  0.08"

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

account of age in violation of California Government Code § 12940(j). At all relevant times, Defendant Lincoln Wood was an employee and de facto supervisor for Defendant WeWork, subjecting him to personal liability for said harassment pursuant to California Government Code § 12940(j)(3).

58. Plaintiff is informed and believes and thereon alleges that the actions of Defendant Wood as described herein were done with oppression, fraud and malice as defined in California Civil Code § 3294.  As such, Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish Defendant Wood.

59. As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered severe emotional distress, including anxiety, humiliation, embarrassment, stress and worry, and lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.  For general and special damages in an amount according to proof;

B.  For punitive damages;

C.  For statutory damages;

D.  For double damages pursuant to California Labor Code § 970;

E.  For reasonable attorney's fees and costs pursuant to the FEHA, or as otherwise allowed by law;

F.  For costs;

G.  For such other and further relief as the court deems just and proper.

Dated: ~~June 10, 2019~~

By: _____

Ryan J. Vlasak
BRACAMONTES & VLASAK, P.C.
Attorney for Plaintiff Richard Markel

- 10 -

*Markel v. WeWork, et al. – First Amended Complaint for Damages*

Bracamontes & Vlasak
A Professional Law Corporation
www.bvlawsf.com

**Formatted:** List Number, Justified, Right:  0.08", No widow/orphan control

**Formatted:** List Number, Right:  0.15", No widow/orphan control